UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION



United States of America )    CV14-969 MMM (RZx)
    Plaintiff           ) Criminal Case No.:
    vs.                 ) 2:12-cr-00927
Vivek Shah          )
    Defendant         )



MOTION FOR RETURN OF PROPERTY

    Comes now the defendant Vivek Shah, pro se, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, and moves the Court for an order to compel the government to return all of the defendant's property that was seized pursuant to a search warrant authorized by the federal judge in the Central District of California, Western Division.

    In support of his motion the defendant contends the following:

    1. In or around August 2012, the FBI-Los Angeles, CA obtained a search warrant of the defendant's residence in West Hollywood, CA, and seized numerous properties, including a desktop computer. The warrant was issued under criminal case no. 2:12-cr-00927 ("CA case") in this Court.

    2. In or around August 2012, the FBI-Charleston, WV obtained a search warrant of the defendant's family residence in Schaumburg, IL, and seized numerous properties, including a

laptop computer. The warrant was issued by a federal judge in the United States District Court for the Southern District of West Virginia - Beckley Division in criminal case no. 5:12-cr-00172 ("WV case").

3. In or around May 2013, the defendant plead guilty with a plea agreement to the WV case and CA case. Before doing so and pursuant to Rule 20(a) of the Federal Rules of Criminal Procedure, the CA case was transferred to the United States District Court for the Southern District of West Virginia - Beckley Division, and assigned docket no. 5:13-cr-00127 ("CA case").

4. On September 11, 2013, at sentencing hearing, the defendant was sentenced to 87 months' imprisonment. Hence, both cases were then closed.

5. After the sentencing hearing, the defendant's court-appointed attorney, Debra Kilgore, through the Southern District of West Virginia's Assistant United States Attorney, Steven R. Ruby, was almost effortlessly able to have the FBI-Charleston, WV to return the seized evidence in its possession to the defendant's nominee, that is, his father.

6. Similarly, the defendant's attorney contacted the FBI-Los Angeles, CA, and spoke with agent Richard Alexander. Agent Alexander informed the defendant's attorney that according to 'FBI policy', the desktop computer cannot be returned unless one of two conditions were met; he would either like to (a) 'search' the files on the computer for contraband, or (b) erase all of the more than 9 million files on the computer.

7. Agent Alexander has also notified the defendant's

attorney that he plans to return all evidence, except the computer unless the defendant met either one of the conditions.

8. Three months have elapsed since Agent Alexander expressed his verbal intent to return all properties, except for the conditions imposed for the return of the computer.

9. The WV case and CA case have been closed, and the properties in question to be returned are not subject to forfeiture.

10. The defendant is entitled to lawful possession of the seized property.

11. The search warrant expired more than a year ago, and agent Alexander has not been able to demonstrate that the computer or any file(s) on the computer are contraband.

12. Since the cases have been closed more than a year ago, the government does not have a continuing evidentiary need for the property.

13. The defendant is the owner and person lawfully entitled to possession of all properties held by the FBI-Los Angeles, CA that were seized pursuant to the search warrant executed at his residence in West Hollywood, CA, within meaning of Rule 41(g) of the Federal Rules of Criminal Procedure.

14. This court has subject-matter jurisdiction ancillary to its criminal jurisdiction.

Wherefore, the defendant respectfully prays that its Motion to Return Property be in all things granted and sustained, that it have such other and further relief,

general and special, to which it may show itself justly entitled.

                                              VIVEK SHAH

                                        Dated: Jan. 28, 2014

Vivek Shah

43205-424

F.C.C. - Forrest City

P.O. Box 9000 (Low)

Forrest City, AR 72336

Name Vivek Shah
Reg # 43205-424
Federal Correctional Complex (Low)
P.O. Box 9000
Forrest City, AR 72336

⇔43205-424⇔
United States Court
Clerk of Court
312 N Spring ST
Rm G-8
LOS Angeles, CA 90012-4701
United States

RECEIVED
CLERK, U.S. DISTRICT COURT

FEB - 3 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge  Margaret M. Morrow  and the assigned Magistrate Judge is  Ralph Zarefsky .

The case number on all documents filed with the Court should read as follows:

**CV14-969-MMM(RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 10, 2014          By  C. Sawyer
Date                           Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)          NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES